J-S26043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1904 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009083-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1905 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009080-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1906 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009082-1988

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE THOMAS | : | |
| | : | |
| Appellant | : | No. 1907 WDA 2019 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010630-1988

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

CONCURRING STATEMENT BY McLAUGHLIN, J.:        **FILED JULY 17, 2020**

I agree with the Majority that the PCRA court did not abuse its discretion in dismissing Thomas's petition as untimely. However, I disagree with the Majority's statement that Thomas has not attempted to plead any exception to the PCRA's time-bar. Rather, I would conclude that Thomas attempted to plead the governmental interference exception, but was unsuccessful in doing do. Accordingly, I concur in the Majority's decision.

In his PCRA petition, Thomas indicated that he had met the requirements for the governmental interference exception because the trial court declined to rule on his *pro se* motion to withdraw his *nolo contendere* plea. **See** Petition, 3/27/19, at 3. Thomas argues this constituted interference by government officials because it infringed on his right to pursue the issue, and he seems to contend that his judgment of sentence therefore never became final such that the subject PCRA petition was timely. **See id.** at 4.

---

* Retired Senior Judge assigned to the Superior Court.

- 2 -

However, it would appear that Thomas raised the issue of the sentencing court's decision not to rule on his *pro se* motion to withdraw his plea in his first PCRA petition. **See** PCRA Petition, 1/18/91, at 3; Amended PCRA Petition, 4/19/91, at 2. The denial of that PCRA petition is the final word on that issue and its rejection of his argument that the sentencing court ought to have entertained his *pro se* motion is law of the case. It cannot now serve as a basis for the governmental interference exception to the PCRA's time-bar.

Moreover, the sentencing judge properly refused to consider Thomas's *pro se* motion as he had counsel at the time, and perhaps even more to the point, the sentencing court's refusal to entertain his *pro se* motion to withdraw his plea in no way interfered with his presentation of his PCRA claim. Thus, contrary to Thomas's arguments, his judgment of sentence thus became final in 1991. Thomas has not pleaded and proven any of the exceptions to the PCRA's time-bar, and the PCRA court did not abuse its discretion in denying Thomas's petition as untimely. Accordingly, I respectfully concur.

Judge Murray joins the concurring statement.